O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JUANA CASTILLO,                                ) NO. CV 06-2516-E
                                               )
                  Plaintiff,                   )
                                               )
        v.                                     ) **MEMORANDUM OPINION**
                                               )
JO ANNE B. BARNHART, COMMISSIONER  ) **AND ORDER OF REMAND**
OF SOCIAL SECURITY ADMINISTRATION, )
                                               )
                  Defendant.                   )
                                               )
_____)

        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS
HEREBY ORDERED that Plaintiff's and Defendant's motions for summary
judgment are denied and this matter is remanded for further
administrative action consistent with this Opinion.


                            **PROCEEDINGS**


        Plaintiff filed a complaint on April 28, 2006, seeking review
of the Commissioner's denial of benefits.  The parties filed a
consent to proceed before a United States Magistrate Judge on

1  May 19, 2006.  Plaintiff filed a motion for summary judgment on
2  November 10, 2006.  Defendant filed a cross-motion for summary
3  judgment on December 12, 2006.  The Court has taken both motions
4  under submission without oral argument.  See L.R. 7-15; "Order,"
5  filed May 3, 2006.

6

7              **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

8

9       Plaintiff asserts disability based on alleged physical and
10  mental impairments (Administrative Record ("A.R.") 364-65).  An
11  Administrative Law Judge ("ALJ") found plaintiff could work prior to
12  March 8, 2005 (A.R. 16-21).  In making this finding, the ALJ assessed
13  Plaintiff's residual functional capacity at a level greater than the
14  level suggested by the opinions of Drs. Haronian and Kim, two of
15  Plaintiff's treating physicians (A.R. 18-21, 160, 345-49).  The
16  Appeals Council denied review (A.R. 5-7).

17

18                        **STANDARD OF REVIEW**

19

20       Under 42 U.S.C. section 405(g), this Court reviews the
21  Commissioner's decision to determine if: (1) the Commissioner's
22  findings are supported by substantial evidence; and (2) the
23  Commissioner used proper legal standards.  See Swanson v. Secretary,
24  763 F.2d 1061, 1064 (9th Cir. 1985).

25

26                            **DISCUSSION**

27

28       A treating physician's conclusions "must be given substantial

weight." <u>Embrey v. Bowen</u>, 849 F.2d 418, 422 (9th Cir. 1988); <u>see</u>
<u>Rodriquez v. Bowen</u>, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must
give sufficient weight to the subjective aspects of a doctor's
opinion . . .  This is especially true when the opinion is that of a
treating physician") (citation omitted).  Even where the treating
physician's opinions are contradicted,[1] "if the ALJ wishes to
disregard the opinion[s] of the treating physician he . . . must make
findings setting forth specific, legitimate reasons for doing so that
are based on substantial evidence in the record." <u>Winans v. Bowen</u>,
853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets
omitted); <u>see Rodriquez v. Bowen</u>, 876 F.2d at 762 ("The ALJ may
disregard the treating physician's opinion, but only by setting forth
specific, legitimate reasons for doing so, and this decision must
itself be based on substantial evidence") (citation and quotations
omitted); <u>McAllister v. Sullivan</u>, 888 F.2d 599, 602 (9th Cir. 1989)
("broad and vague" reasons for rejecting the treating physician's
opinions do not suffice); <u>Embrey v. Bowen</u>, 849 F.2d at 421 ("To say
that medical opinions are not supported by sufficient objective
findings or are contrary to the preponderant conclusions mandated by
the objective findings does not achieve the level of specificity our
prior cases have required . . .").


     Section 404.1512(e) of 20 C.F.R. provides that the
Administration "will seek additional evidence or clarification from
your medical source when the report from your medical source contains

---

     [1]     Rejection of an uncontradicted opinion of a treating
physician requires a statement of "clear and convincing"
reasons.  <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996);
<u>Gallant v. Heckler</u>, 753 F.2d 1450, 1454 (9th Cir. 1984).

a conflict or ambiguity that must be resolved, the report does not
contain all of the necessary information, or does not appear to be
based on medically acceptable clinical and laboratory diagnostic
techniques."  See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.
1996) ("If the ALJ thought he needed to know the basis of Dr.
Hoeflich's opinions in order to evaluate them, he had a duty to
conduct an appropriate inquiry, for example, by subpoenaing the
physicians or submitting further questions to them.  He could also
have continued the hearing to augment the record") (citations
omitted); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.
1983) ("the ALJ has a special duty to fully and fairly develop the
record and to assure that the claimant's interests are considered").

In the present, the ALJ rejected Dr. Kim's opinion, at least
in part, because of perceived conflicts between the opinion and other
information of record (A.R. 18).  The ALJ rejected Dr. Haronian's
opinion, at least in part, because the ALJ believed "there is no
explanation provided for his opinion" (A.R. 19).  The ALJ erred by
failing to make further inquiry of the treating physicians regarding
these perceived conflicts and perceived lack of necessary
explanation.  See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.
1996); 20 C.F.R. § 404.1512(e).

In attempting to defend the ALJ's decision, defendant argues
that a treating physician such as Dr. Haronian "was not qualified to
form an opinion that Plaintiff was disabled" (Defendant's Cross-
Motion at 4).  Defendant's argument is not well-taken.  Although the
ultimate issue of disability is reserved to the Administration,

1   courts "do not draw a distinction between a medical opinion as to a

2   physical condition and a medical opinion on the ultimate issue of

3   disability."  See Rodriquez v. Bowen, 876 F.2d 759, 762 n.7 (9th Cir.

4   1989).

5

6       When a court reverses an administrative determination, "the

7   proper course, except in rare circumstances, is to remand to the

8   agency for additional investigation or explanation."  INS v. Ventura,

9   537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

10  proper where, as here, additional administrative proceedings could

11  remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d

12  599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d

13  1496, 1497 (9th Cir. 1984).

14

15      The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172

16  (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not

17  compel a reversal rather than a remand of the present case.  In

18  Harman, the Ninth Circuit stated that improperly rejected medical

19  opinion evidence should be credited and an immediate award of

20  benefits directed where "(1) the ALJ has failed to provide legally

21  sufficient reasons for rejecting such evidence, (2) there are no

22  outstanding issues that must be resolved before a determination of

23  disability can be made, and (3) it is clear from the record that the

24  ALJ would be required to find the claimant disabled were such

25  evidence credited."  Harman at 1178 (citations and quotations

26  omitted).  Assuming, arquendo, the Harman holding survives the

27  ///

28

1  Supreme Court's decision in INS v. Ventura, 537 U.S. 12, 16 (2002),[2]
2  the Harman holding does not direct reversal of the present case.
3  Here, the ALJ must recontact the treating physicians concerning
4  "outstanding issues that must be resolved before a determination of
5  disability can be made."  In addition, it is not clear from the
6  record that the ALJ would be required to find Plaintiff disabled for
7  the entire claimed period of disability were the treating physicians'
8  opinions fully credited.

9
10                              **CONCLUSION**
11
12       For all of the foregoing reasons,[3] Plaintiff's and Defendant's
13  motions for summary judgment are denied and this matter is remanded
14  for further administrative action consistent with this Opinion.
15
16       LET JUDGMENT BE ENTERED ACCORDINGLY.
17
18       DATED:  December 22, 2006.
19
20                         _____/s/_____
21                         CHARLES F. EICK
                           UNITED STATES MAGISTRATE JUDGE
22
23
24  _____

25       [2]   The Ninth Circuit has continued to apply Harman despite
    INS v. Ventura.  See Benecke v. Barnhart, 379 F.3d 587, 595
26  (9th Cir. 2004).

27       [3]   The Court has not reached any other issue raised by
    Plaintiff except insofar as to determine that Plaintiff's arguments
28  in favor of reversal rather than remand are unpersuasive.

6